NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOISES JERONIMO-JERONIMO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3504

Agency No.
A097-469-576

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024**
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Moises Jeronimo-Jeronimo, a purported native and citizen of

Guatemala, seeks review of the Board of Immigration Appeals ("BIA") order

affirming the Immigration Judge's ("IJ") order denying his application for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), in its decision and does not disagree with the IJ's decision, we review the IJ's order as if it were the BIA's. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). We review *de novo* questions of law. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). The substantial evidence standard is deferential, requiring reversal when, based on the record evidence, "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. The agency's adverse credibility finding is supported by substantial evidence. The REAL ID Act requires that credibility determinations be made based on the "totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Relevant factors include but are not limited to "demeanor, candor, or responsiveness of the applicant," "consistency between the applicant's . . . written and oral statements," "the internal consistency of each such statement," and "any inaccuracies or falsehoods in such statements." *Id.* "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances." *Alam*, 11 F.4th at 1137.

23-3504

Here, the agency offered twelve factual reasons for its adverse credibility determination. Jeronimo-Jeronimo challenges three of the reasons the agency relied on, contending that those three reasons are unsupported by the record. Because Petitioner does not challenge the other reasons on which the agency relied in determining his testimony was not credible, he forfeits review of these reasons. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1024 (9th Cir. 2023) (explaining that the petitioner must "specifically and distinctly" raise an argument to avoid forfeiture) (citation omitted).

The agency's unchallenged factual bases include numerous inconsistencies between Jeronimo-Jeronimo's statements, his multiple false statements about his identity and criminal history, and discrepancies in his birth and medical certificates. These factors are sufficient to constitute substantial evidence supporting the adverse credibility determination. *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (discussing the role of factual inconsistencies in an adverse credibility determination); *Greenwood v. Garland*, 36 F.4th 1232, 1237 (9th Cir. 2022) (affirming denial of motion to reopen where the petitioner did not address the IJ's finding that he had not established his true identity). We need not determine whether the three reasons that Jeronimo-Jeronimo does challenge are supported by the record.

2. Jeronimo-Jeronimo has not shown that "he is more likely than not to be

tortured" if removed to Guatemala. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)). "An adverse credibility determination is not necessarily a death knell to CAT protection." *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Rather, "country conditions alone can play a decisive role in granting relief under the Convention." *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001). However, an adverse credibility finding may be dispositive where a petitioner's basis for CAT is the same claim that the IJ found not to be credible. *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020). Country conditions evidence is typically insufficient where the IJ finds that the petitioner has not even credibly established his identity. *See id.*; *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (finding that petitioner had not credibly established identity and upholding denial of CAT claim on that basis).

Here, the IJ was supported by substantial evidence in finding that Jeronimo-Jeronimo had not credibly established his identity as a native and citizen of Guatemala, and denial on that basis was proper. Jeronimo-Jeronimo's argument that his country conditions evidence demonstrates his eligibility for CAT relief relies on the contention that he is a Guatemalan business owner, but he has not credibly shown that he is a member of that group. Absent his credible testimony, the evidence in the record does not enable Jeronimo-Jeronimo to meet his burden under CAT.

**PETITION DENIED.**

4                                                        23-3504